IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD. § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 4:15-CV-03704 | |
| § | | |
| SHEPHERD RETAIL, INC., et al. § | | |
| *Defendants*. § | | |

## NON-PARTY BEN E. KEITH COMPANY'S RESPONSE TO BUC-EE'S, LTD.'S OPPOSED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF BEN E. KEITH CO. EMPLOYEE KAI NEUMANN

Non-Party Ben E. Keith Company ("BEK") hereby files this Response to Buc-ee's, Ltd ("Buc-ee's") Motion for Leave to Take the Deposition of Ben E. Keith Co. Employee Kai Neumann (Dkt. No. 136) ("the Motion").  BEK opposes Buc-ee's request as it is highly unlikely to provide any relevant and admissible evidence, unduly burdens a non-party, and is therefore disproportionate to the needs of the case.

Under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that *is relevant* to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Discovery may be limited on the basis that it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

Fed. R. Civ. P. 26(b)(2)(C)(i), (c)(1). "Scholarly evaluation of the Federal Rules and the impact of inclusion of the proportionality concept within Rule 26(b)(1)'s threshold scope of discovery indicate 'that non-parties have greater protections from discovery and that burdens on non-parties will impact the proportionality analysis.'" *Hahn v. Hunt*, CV 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016), *aff'd*, CV 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016) (*quoting* E. Laporte and J. Redgrave, A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26, 9 Fed. Cts. L. Rev. 57 (2015)).

### A. Non-Party BEK Produced Documents in Response to 2 Subpoenas

As acknowledged in the Motion, BEK complied with the two subpoenas[1] served on it and produced responsive documents. It did so in a relatively short period of time and over the holidays, when many of its employees were out on vacation. The difficulty was compounded by the fact that the employees with the most knowledge over the topics and the locations of responsive documents, Mr. Raymond Gibson and Mr. Gerard Bowden, are no longer employees of BEK. (Dkt. No. 136, at 3 n.1). Aware of the pending trial date in the case, which at the time was scheduled for January 24, 2017, BEK sent its production on January 6. Because of the looming trial date, and "[in] the desire to expedite production," BEK produced documents in native format, without Bates labels, included an explanation of its production methodology, and offered to Bates label the documents at Buc-ee's request. (Dkt. No. 136-7, at 2-3). Buc-ee's never objected to BEK's method of production, nor complained that BEK's production was nonresponsive, until March 21, more than two months after production, <u>after</u> it deposed BEK's 30(b)(6) witness and when it demanded BEK produce a new witness. (Dkt. No. 136-2, at 4).

---

[1] 1st Subpoena served Nov. 30, 2016. 2nd Subpoena served Dec. 21, 2016 which was substantially similar to 1st Subpoena but added 7 additional entities requiring BEK to change keyword searches and do additional investigation to ensure all responsive documents were located.

Buc-ee's tries to support its claim by citing how many *pages* BEK produced in an effort to claim BEK purposefully concealed one email "in over 30,000 pages of irrelevant documents." (Dkt. No. 136, at 5). But the fact of how many *documents* BEK produced, in native format, is more important. BEK's production consisted of only 2,507 emails and 172 other documents. Most importantly, with the exception of only three hard copy invoices, all the documents were produced in native format and were easily searchable by Buc-ee's via keyword. (Dkt. No. 136-7, at 2).

## B. BEK's Corporate Representative Was Prepared For Deposition, Buc-ee's Was Not

Buc-ee's colors the facts on the number of produced documents in an attempt to claim that Mr. Jarrett Pheil, BEK's designated corporate representative, was unprepared for the deposition. However, the truth of the matter is that Buc-ee's was unprepared to depose Mr. Pheil.

Prior to the February 17, 2017 deposition, Mr. Pheil spent several hours examining the 2,699 produced documents, including the email sent from Kai Neumann to Gerard Bowden shown on page 4 of the Motion. Along with reviewing 2,699 documents, Mr. Pheil examined the twelve-word email in question and called Mr. Neumann to understand the email and its meaning. After speaking to him for approximately five minutes, including reading the email text to him, he received the response that the email "was a joke," a fact to which he testified. (Dkt. No. 136-9, at p. 113, l. 25).

During the deposition, the email at issue was first discussed on p. 78 of the deposition transcript. After a very long colloquy, BEK requested Buc-ee's produce the document to help Mr. Pheil answer its questions. (Dkt. No. 136-9, at p. 91, ll. 5-7). They did not do so. Therefore, he testified from memory about 1 email in among 2,698 other documents which he also reviewed. Had Buc-ee's done a simple document review to prepare for the deposition, Buc-ee's

could have had the subject email to show Mr. Pheil, and he could have been adequately questioned regarding its contents. Considering the number of documents reviewed by Mr. Pheil in preparation for the deposition, he did a commendable job testifying about the subject email and answered every relevant question asked.

    **C.  Buc-ee's Fails To Show Requested Deposition Leads to Admissible Evidence**

Putting aside the unfounded allegation that BEK's representative was unprepared, Buc-ee's Motion must fail for the simple reason that they do nothing to demonstrate that their requested discovery is likely to lead to admissible evidence relevant to their claim or defenses. Buc-ee's subpoenas to BEK have been geared toward the creation and development of the Choke Canyon logo they allege violates their trademark rights. (Dkt. No.'s 136-5, 136-6). As Buc-ee's implicitly admits in the Motion, it has already received all the evidence it could possibly need to prosecute its claims. It deposed the designer of the logo, Mr. Gerard Bowden. (Dkt. No. 136, at 2). It deposed the BEK employee in charge of managing Mr. Bowden's design work on the logo. *Id*. It issued two subpoenas to BEK that required document production of any responsive documents, which BEK produced. Over BEK's objection, it took a deposition of the BEK sales representative who communicated with the Defendants during the time in question.

Yet Buc-ee's now seeks to depose a *fourth* employee of a non-party with no knowledge of the logo creation and development at issue in the case. Four facts demonstrate that deposing BEK employee Kai Neumann is unlikely to aid Buc-ee's case. First, the email in question is dated November 10, 2014, a full two and a half years after the Choke Canyon logos were developed. (Dkt. No. 136-7, at 2) ("BEK is also producing the enclosed invoices from Bowden Design House dated 8 Feb. 2012, 20 Feb. 2012, and 5 March 2012."). Second, Kai Neumann transmitted the November 2014 email to Gerald Bowden, the Ben E. Keith employee "who

drafted the logo" and who Buc-ee's deposed. During his deposition, Mr. Bowden was questioned about the creation of banners for the Defendants around November 2014. Kai Neumann and any communications with him are never mentioned throughout the deposition, a fact that demonstrates his extremely attenuated connection to this controversy. (Dkt. No. 136-3, at p. 39, l. 18 to p. 40, l. 14). Third, during Mr. Bowden's testimony, he disclosed what logos were used on the banners, which Buc-ee's is well aware. (Dkt. No. 136-3, at p. 40, ll. 5-7). Kai Neumann would have no new relevant facts to add based on Mr. Bowden's testimony. Fourth and finally, BEK's corporate representative already testified to the meaning of the email's contents. (Dkt. No. 136-9, at 113, l. 25). Requiring BEK to confirm that the email was merely a joke is unreasonably cumulative, and Buc-ee's admits as much through its request for only a one hour deposition. (Dkt. No. 136, at 6).

The Federal Rules of Civil Procedure protect non-parties in a case from unreasonably cumulative, overly burdensome, and harassing discovery. BEK previously requested protection from the court because BEK knew it had no evidence relevant to the case as the parties with relevant information had already been deposed. *Buc-ee's, Ltd. v. Shepherd Retail, Inc. et al.*, No. 4:17-mc-00075, Dkt. No. 13, at 1 (S.D. Tex. Jan. 31, 2017) (order denying motion to quash). Yet BEK's 30(b)(6) deposition produced no relevant evidence for Buc-ee's. Buc-ee's again asks the court for further discovery which will produce no fruit, but will expend several hours of time for one of BEK's employees and will cost BEK in lost productivity and attorney's fees.

### Prayer

For the reasons above, BEK asks the Court to DENY Buc-ee's Motion, and award attorney's fees and costs to BEK incurred in filing this Response to the Motion. Should the Court grant Buc-ee's Motion, then BEK alternatively requests that Buc-ee's be required to

reimburse BEK for all the cost of preparing for, providing, and defending Mr. Neumann for the 1 hour deposition including BEK's employee's cost and BEK's attorneys' fees.

        Respectfully submitted,

        */s/ William B. Nash*
        William B. Nash
        State Bar No. 14812200
        Jason W. Whitney
        State Bar No. 24066288
        HAYNES AND BOONE, LLP
        112 East Pecan Street, Suite 1200
        San Antonio, TX  78205
        Telephone: (210) 978-7000
        Facsimile:  (210) 978-7450
        E-mail: bill.nash@haynesboone.com
               jason.whitney@haynesboone.com
               alex.lutzky@haynesboone.com

        ATTORNEYS FOR THIRD PARTY
        BEN E. KEITH COMPANY.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing was served via First Class Mail along with a courtesy copy via electronic mail upon the following counsel to the underlying cause on May 11, 2017.

*Counsel for Plaintiff*
*Buc-ee's, Ltd.*

| | |
|---|---|
| Joseph J. Berghammer | jberghammer@bannerwitcoff.com |
| Janice V. Mitrius | jmitrius@bannerwitcoff.com |
| Katherine Laatsch Fink | kfink@bannerwitcoff.com |
| Eric J. Hamp | ehamp@bannerwitcoff.com |

Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
(312) 463-5000
(312) 463-5001 fax

Kevin Meek                          kevin.meek@bakerbotts.com
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
T: (512) 322-5471
F: (512) 322-3622

*Counsel for Defendants*
*Shepherd Retail, Inc., et al,*
Charles W. Hanor                    chanor@hanor.com
Hanor Law Firm PC
750 Rittiman Road
San Antonio, Texas 78209
Telephone: (210) 829-2002
Facsimile: (210) 829-2001

                                                   /s/ *William B. Nash*