UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-03704 |
| | § | |
| AMJAD PANJWANI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION

In this trademark infringement and unfair competition case, Defendants have filed a Motion for Partial Summary Judgment (Doc. No. 74-13). Defendants seek judgment on Plaintiff's claims for trademark dilution, unjust enrichment, and misappropriation. (Doc. No. 74-13 at 1.) United States Magistrate Judge Palermo issued a Report and Recommendation ("R & R") recommending that the motion be granted with respect to the state law misappropriation claim and be denied with respect to the state law unjust enrichment and dilution claims. (Doc. No. 166). In addition, Judge Palermo recommended that the Court limit the application of Defendants' federal registration defense. Defendants filed an objection to the R & R. (Doc. No. 189.) Buc-ee's filed its response to Defendants' objection to the R & R. (Doc. No. 194.)

Defendants do not object to the portions of the R & R regarding the unjust enrichment claim or the misappropriation of a trademark claim. (Doc. No. 189 at 1.) The Court therefore reviews those recommendations for clear error. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Finding no error, the Court adopts the portions of the R &R pertaining to

1

Plaintiff's state law claims for unjust enrichment and misappropriation of a trademark.

Defendants object to the R & R as to Plaintiff's state law dilution claims, including the applicability of the federal registration defense. (Doc. No. 189 at 1, 25.) The Court reviews the recommendations to which Defendants object *de novo*. 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court adopts the recommendation to deny summary judgment for the state law dilution claim. The Court declines to limit the applicability of the federal registration defense at this time and therefore does not adopt the limitations described in Section III.A.2 of the R & R. (Doc. No. 166 at 13-21.)

I.  **BACKGROUND**

Plaintiff Buc-ee's, Ltd. ("Buc-ee's") brings claims against Defendants Shepherd Retail, Inc., Blanco Restaurant, Inc., Live Oak Retail, Inc., Harlow Food, Inc., Mariam, Inc., S.W. Retail Inc., Falfurrias Highway Foods, Inc., and Highway 46 Retail, Inc. (collectively, "Defendants") alleging violations of the Texas Anti-Dilution Statute, Texas Business and Commerce Code § 16.103; trademark infringement under Texas Business and Commerce Code § 16.102; trademark infringement under 15 U.S.C. § 1114; trademark infringement under 15 U.S.C. § 1125(a); false designation of origin under 15 U.S.C. § 1125(a); common law trademark infringement; unjust enrichment; unfair competition; and misappropriation. (Doc. No. 78.)

Buc-ee's provides convenience store services and merchandise and gas station services in Texas. Buc-ee's uses a beaver logo, which consists of a buck-toothed cartoon beaver wearing a baseball cap inside of a yellow circle. (Doc. No. 85-4.) Buc-ee's has federal and Texas state trademark registrations related to its beaver logo. (Doc. No. 85-4.)

Defendants provide convenience store services and merchandise and gas station and restaurant services in Texas. Defendants use an alligator logo, which is the subject of this

litigation. Defendant Shepherd Retail, Inc. ("Shepherd Retail") has two federal trademark registrations on the principal register for its alligator logo. (Doc. No. 74-1.) In 2016, Buc-ee's filed a petition with the Trademark Trial and Appeal Board ("TTAB") to cancel the trademarks based on priority and likelihood of confusion. (Doc. No. 85-21.) Shepherd Retail filed a motion with the TTAB to suspend the TTAB proceedings until resolution of this case. (Doc. No. 89-1.) The TTAB suspended the proceedings on January 12, 2017, pending final determination of this action. (Cancellation No. 92064689, *Buc-ee's, Ltd. v. Shepherd Retail*, Doc. No. 6, Jan. 12, 2017, available at http://ttabvue.uspto.gov/ttabvue/v?pno=92064689&pty=CAN&eno=6.)

## II. DEFENDANTS' OBJECTIONS

Defendants object to the R & R's recommendations regarding the application of the federal registration defense to Plaintiff's state law claims. (Doc. No. 189 at 1-2.) Defendants argue that 15 U.S.C. § 1125(c)(6) bars Plaintiff's state law trademark dilution claims because Defendants have two federal trademark registrations in the U.S. Patent and Trademark Office for their alligator logos. (Doc. No. 189 at 1, Doc. No. 74-1).

Defendants also object to the R & R's recommendation to deny summary judgment on Plaintiff's state dilution claim for inability to establish an essential element of the claim. (Doc. No. 189 at 23.) Defendants assert that Buc-ee's cannot establish that its mark was famous prior to Defendants' first use of their mark. (Doc. No. 74-13 at 10.)

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court

can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255.

The party moving for summary judgment bears the burden of demonstrating the absence of a genuine dispute of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party meets this burden, the non-moving party must go beyond the pleadings to find specific facts showing that a genuine issue of material fact exists for trial. *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* Summary judgment is appropriate if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## IV. STATE LAW DILUTION OF TRADEMARK CLAIM

### A. Applicability of the Federal Registration Defense

Defendants move for summary judgment as to Plaintiff's state law dilution claim on the basis that they have valid federal trademark registrations for its alligator logos, which bar the state claim. (Doc. No. 74-13 at 1.)

Under 15 U.S.C. § 1125(c), a state law dilution claim is barred when the allegations are based on a defendant's use of a federally-registered trademark. Section 1125(c)(6) states that:

> The ownership by a person of a valid registration...on the principal register under this chapter shall be a complete bar to an action against that person, with respect to that mark, that---

4

> (A) is brought by another person under the common law or a statute of a State; and
>
> (B) (i) seeks to prevent dilution by blurring or dilution by tarnishment; or (ii) asserts any claim of actual damage or harm to the distinctiveness or reputation of a mark, label, or form of advertisement.

15 U.S.C. § 1125(c)(6).

If Defendants have a valid registration of their marks, then they will have a defense to Plaintiff's state dilution claims, to the extent that the claims are based on the registered marks. Defendant Shepherd Retail has registered its alligator logo on the principal register. (Doc. No. 74-1). However, the federal registration defense cannot be applied at this time because the *validity* of Shepherd Retail's marks is currently in dispute: Buc-ee's filed a petition to cancel Shepherd Retail's alligator logo federal trademark registrations before the TTAB. (Doc. No. 85-21.)

Factual issues in this case, which are currently unsettled, will determine the outcome of the cancellation proceeding and thus affect the applicability of the federal registration defense. When a party's federal registration is invalid, the federal registration defense does not apply. *See Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 424 (6th Cir. 1999); *Viacom Inc. v. Ingram Enterprises, Inc.*, 141 F.3d 886, 891 n.8 (8th Cir. 1998); *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 854 (D. Del. 2006).

Plaintiff's infringement claims and cancellation proceeding will both be determined, in part, by whether there is a likelihood of confusion between the alligator and beaver logos. The tests for likelihood of confusion for trademark infringement and for cancellation are the same. *B & B Hardware Inc., v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307 (2015). This court's findings regarding likelihood of confusion will have a preclusive effect on the TTAB cancellation proceeding. *See id.* at 1303; *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569-

1573 (Fed. Cir. 1983). The jury's findings regarding likelihood of confusion will be determinative of the validity of Shepherd Retail's registrations. It is therefore premature to apply the federal registration defense at this time.

Other courts have similarly declined to grant dispositive motions on the basis of the federal registration defense when the registration upon which the defense is based is in dispute. *See, e.g., Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635 n.4 (9th Cir. 2008); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. 12-1283, 2013 WL 5375444, at *5 (D. Md. Aug. 23, 2013), *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*, No. 2:14-cv-296, 2016 WL 1268008, at *11 (E.D. Cal. Mar. 31, 2016); *Lovetap, LLC v. CVS Health Corp.*, No. 1:16-CV-3530-TWT, 2017 WL 3250374, at *4 (N.D. Ga. July 31, 2017).

Defendants' arguments that the federal registration defense applies regardless of the cancellation proceeding are unavailing. Defendants argue that the plain language of the statute requires the Court to grant summary judgment, as the statute states that a valid registration serves as a "complete bar" to state dilution claims. (Doc. No. 189 at 9.) However, Defendants disregard the requirement that the registration be "valid." 15 U.S.C. § 1125(c)(6); *see also Lovetap*, 2017 WL 3250374 at *4. Defendants have not met their burden of demonstrating that the disputed registrations are "valid." Defendants have not shown that Buc-ee's lacks evidence to support its infringement claim and related cancellation petition. The infringement claim and cancellation petition involve questions of fact that will be determined by the jury in this case.

Defendants also argue that the above-cited case law and the R & R are flawed because they do not take into account a 2012 TTAB case about the federal registration defense. In the 2012 decision, the TTAB held that a federal cancellation petition based on trademark dilution was foreclosed because the defendant had registered the mark at issue. *Acad. of Motion Picture*

6

*Arts and Sciences v. Alliance of Professionals & Consultants Inc.*, 104 U.S.P.Q.2d 1234 (T.T.A.B. Sept. 27, 2012).

The TTAB did not analyze the question at issue in this case of whether a pending cancellation undermines the validity of the registration for purposes of Section 1125(c)(6). The TTAB analyzed the language of 15 U.S.C. § 1125(c)(6) to determine whether the defense applied to federal dilution claims as well as state dilution claims. *Academy* was decided under a prior version of 15 U.S.C. § 1125(c)(6), which was written such that federal dilution claims were included in its scope.[1] *Academy*, 104 U.S.P.Q.2d 1234, at *3-4. The TTAB addressed this sole question of whether federal claims were covered by the registration defense. The Academy decision is seemingly relevant to the present case because implicit in the TTAB's analysis was an assumption that the registration was valid for purposes of Section 1125(c)(6) despite the pending cancellation petition. However, the failure of the TTAB to explain or justify this assumption substantially attenuates the precedential value of the case. In the Fifth Circuit, moreover, TTAB decisions are persuasive but not binding authority. *Gruma Corp. v. Mexican Restaurants, Inc.*, 497 F. App'x 392, 397 at n.1 (5th Cir. 2012). Since the TTAB neither identified nor explained its assumption that a contested trademark registration is valid for purposes of Section 1125(c)(6), the Court does not find that its decision settles the question in this case.

Additionally, the claims and procedural posture of this case significantly differ from those of the *Academy of Motion Picture Arts and Sciences* decision, such that the TTAB decision

---

[1] The parties in Academy agreed that the inclusion of federal dilution claims was the result of a clerical error. *Id.* at *3. Congress has since amended the statute to clarify that federal dilution claims are not included in the scope of the affirmative defense. *See* H.R. REP. 112-647, 3, 2012 U.S.C.C.A.N. 559, 561.

7

is not directly applicable. In *Academy*, the registration defense blocked a federal cancellation proceeding based on dilution, not an affirmative claim seeking damages and an injunction. The cases cited above, in which courts have analyzed the applicability of the federal registration defense to affirmative state dilution claims when a cancellation proceeding or claim is pending, are more relevant to the present case. The Court finds the logic of these cases to be persuasive.

Contrary to Defendants' assertions, the Court does not "nullify a federal law" or "bar the preemption defense"—the Court finds only that the registrations are not a bar to the state dilution claim at the summary judgment stage while they are disputed. If Plaintiff's cancellation petition based on likelihood of confusion and priority lack merit, then the cancellation defense will apply to the registered marks. For now, when neither the Court nor the TTAB has determined the validity of the disputed registrations, it is not appropriate to grant summary judgment because of the existence of the registrations. The Court denies Defendants' motion for summary judgment on Plaintiff's state law dilution claim on the basis of the federal registration defense.

The Court declines to limit the scope of Defendants' federal registration defense at this time. The motion before the Court is one for partial summary judgment against Buc-ee's on its state dilution claim. As the Court has denied this motion, there is no need to limit the scope of the defense.

### B. Showing of Prior Fame

Secondly, Defendants move for summary judgment as to Plaintiff's state dilution claim on the further basis that Plaintiff has not provided evidence of prior fame, which is an essential element of the dilution claim. (Doc. No. 74-13 at 1.) To succeed on its dilution claim, Buc-ee's will have to show that its beaver mark "is famous and distinctive" and that Defendants' use of their alligator mark began after Plaintiff's mark became famous. Tex. Bus. & Com. Code §

8

16.103(a). Defendants argue that the Buc-ee's marks were not famous prior to Defendants' first use of their alligator logo in June of 2012. (Doc. No. 74-13 at 90; Doc. No. 74-1.)

Under the Texas Anti-Dilution Statute, a mark is "famous" if it is "public throughout this state or in a geographic area in this state as a designation of source of the goods or services of the mark's owner." Tex. Bus. & Com. Code § 16.103(b). To determine fame, a court may consider factors including: the duration, extent, and geographic reach of the advertisement and publicity of the mark; the amount, volume, and geographic extent of sales of goods or services offered under the mark; the extent of actual recognition; and whether the mark is registered. *Id.*

Buc-ee's has put forth evidence of all four statutory factors sufficient to demonstrate the existence of triable fact issues on the element of prior fame. Buc-ee's has identified evidence related to duration, extent, and reach of advertisement and publicity in support of a finding of prior fame. Buc-ee's first used its beaver logo as early as 1982. (Doc. No. 85-2 at 109:4-9.) Buc-ee's has engaged in extensive advertising and marketing since 2001, including expenditures of over two million dollars prior to 2012 and the use of hundreds of billboards displaying the Buc-ee's marks. (Doc. Nos. 85-5, 85-7.) Buc-ee's has also provided evidence of the extent of its sales of goods and services offered under its marks through sales data. (Doc. No. 85-13.) Further, Buc-ee's has provided evidence of actual recognition of the Buc-ee's marks through a survey of actual recognition in 2016. (Doc. No. 85-23.) Finally, Buc-ee's has shown that it has state and federal trademark registrations related to its beaver logo. (Doc. No. 85-4.)

Defendants argue that Plaintiff's evidence does not show fame in 2012, because the marketplace and Buc-ee's business have both changed since 2012. First, Defendants argue that the survey of actual recognition in 2016 cannot be evidence of fame in 2012. Although actual recognition in 2016 alone does not necessarily prove fame in 2012, a jury may consider it in its

multi-factor analysis of Plaintiff's fame in 2012. Buc-ee's provides sales and advertising data for each year since 2001, which can assist the fact-finder in understanding Buc-ee's growth and determining whether the Buc-ee's marks were famous in 2012. (Doc. No. 85-5, 85-13.) Additionally, Buc-ee's provides evidence of media coverage prior to June of 2012. (Doc. No. 85-8.) Plaintiff has met its burden of showing triable issues of fact regarding its fame in 2012, before Defendants began use of their marks.

The Court denies Defendants' motion for summary judgment as to Plaintiff's state dilution claim.

## V. CONCLUSION AND ORDER

The Court hereby: **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment (Doc. No. 74-13). The Court **DENIES** summary judgment as to the state law dilution claim and the state law unjust enrichment claim. The Court **GRANTS** summary judgment as to the state law misappropriation claim.

**IT IS SO ORDERED.**

SIGNED in Houston, Texas, on this the 21st day of September, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE