UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BUC-EE'S, LTD.**<br><br>**Plaintiff,**<br><br>v.<br><br>**SHEPHERD RETAIL, INC., BLANCO RESTAURANT, INC., LIVE OAK RETAIL, INC., HARLOW FOOD, INC., MARIAM, INC., S.W. RETAIL INC., FALFURRIAS HIGHWAY FOODS, INC., AND HIGHWAY 46 RETAIL, INC.**<br><br>**Defendants.** | **CIVIL ACTION NO. 4:15-CV-03704** |

**BUC-EE'S MOTION TO SEAL HIGHLY CONFIDENTIAL
INFORMATION IN TRIAL EXHIBITS AND REDACT
CORRESPONDING PORTIONS OF THE TRIAL TRANSCRIPT**

**I.   INTRODUCTION**

Buc-ee's requests sealing trial exhibits containing Buc-ee's highly confidential information and redacting corresponding portions of the trial transcript, particularly directed to Buc-ee's highly confidential sales data.  The Court should grant Buc-ee's request because (1) the information is highly confidential and otherwise unavailable to the public, (2) the request is limited in scope, (3) there are no other less restrictive alternative means, (4) public disclosure of the information poses a serious risk of causing Buc-ee's competitive harm in the marketplace if Buc-ee's competitors have access to the information, and (5) such harm is outweighed by the public's interest in access to judicial proceedings.

1

## II. THE HIGHLY CONFIDENTIAL INFORMATION

Pursuant to the Court's statement that it "will seal the transcript as to the relevant pages and as to the relevant exhibits" containing Buc-ee's store-by-store sales and Buc-ee's year-by-year sales (Tr. Day 1, Ex. L, p. 7, ll. 22-24), Buc-ee's requests the Court seal the following trial exhibits and redact portions of the trial transcript (attached as Exhibits A-M to this motion).[1]

| Trial Exhibit Number | Corresponding Trial Testimony in Trial Transcript | Description |
|---|---|---|
| PTX018 | Tr. Day 1<br>122:19, 21-22, 24<br>191:2, 4, 10, 15-16, 18<br>203:6<br><br>Tr. Day 2<br>130:2, 3, 9-10 | Buc-ee's year-by-year non-fuel sales information broken down by store location |
| PTX022-029 | Tr. Day 1<br>206:7-8 | Buc-ee's year-by-year fuel sales information broken down by store location |
| PTX209 | Tr. Day 1<br>114:11-12, 17<br>217:21-22, 25<br>219: 2, 10, 15 | Buc-ee's customer sales data broken down by store location |
| D-328 | Tr. Day 1<br>160:8<br>Tr. Day 2<br>7:15-16<br>8: 2, 7, 10<br>9: 6, 10-11, 13-14 | Buc-ee's year-by-year non-fuel sales information broken down by store location as modified by Defendants |

To be clear, Buc-ee's does not request redacting the entire trial witness testimony, nor redacting even the entire sentences of testimony discussing the highly confidential information; Buc-ee's requests redacting only the specific numerical sales revenue data from the trial transcript, as highlighted in yellow in Exhibits L and M attached to this motion.

---

[1] Defendants have represented to the Court that they do not oppose redaction of the exhibits. (*See* Ex. L, p. 7, ll. 15-19).

III. **THE RISK OF COMPETITIVE HARM TO BUC-EE'S BY THE DISCLOSURE OF BUC-EE'S HIGHLY CONFIDENTIAL INFORMATION OUTWEIGHS THE PUBLIC'S RIGHT TO ACCESS**

All relevant considerations in sealing the highly confidential information weigh in favor of granting Buc-ee's request. First, the trial exhibits contain highly confidential information unavailable to the public. Indeed, Buc-ee's produced this information during discovery in this case as highly confidential pursuant to this Court's Protective Order (ECF No. 57). This highly confidential information is extremely valuable to Buc-ee's and its business operation because it can be manipulated to show store-by-store commercial performance.

Second, Buc-ee's request is limited in scope. Among the numerous trial exhibits, Buc-ee's requests only eleven exhibits be sealed. Likewise, over a six day trial, Buc-ee's only requests that a small portion of the trial testimony be redacted from the trial transcript. Even then, Buc-ee's does not request redaction of entire discussions or sentences related to the highly confidential information; Buc-ee's only requests redaction of the specific sales revenue numbers disclosed during the testimony. Removing the sales revenue numbers will not affect the public's understanding of the judicial proceeding and case.

Third, because Buc-ee's only requests sealing eleven exhibits, and redaction of specific sales revenue numbers from the trial testimony, there is no other less restrictive means of protecting Buc-ee's highly confidential information. Buc-ee's has particularly endeavored to limit its request to the essential information it believes is extremely valuable and will pose competitive harm to Buc-ee's if made public.

Fourth, public disclosure of the highly confidential information poses a serious risk of causing Buc-ee's competitive harm in the marketplace due to the nature of the information. Indeed, the information contains Buc-ee's year-by-year sales broken down by Buc-ee's store locations that Buc-ee's competitors do not have. Yet, Buc-ee's competitors would find such

information valuable because it would provide them with information about the competitive commercial performance of each of Buc-ee's stores, thus providing them with a roadmap on where best to strategically target certain geographic markets and customers. Public disclosure of the highly confidential information would thus give Buc-ee's competitors a commercial advantage that they would not otherwise have, which would in turn place Buc-ee's at a competitive disadvantage compared to their current position in the marketplace.

Finally, these considerations and resulting harm to Buc-ee's if the highly confidential information is made public outweighs the public's right to access the information. Indeed, sealing the relevant trial exhibits and redacting corresponding trial testimony would not hinder the public's right to access judicial documents. The trial exhibits and corresponding trial testimony do not go toward the public's understanding of the proceeding nor the outcome of the case. Thus, keeping this information outside the public domain—and more specifically, outside the hands of Buc-ee's competitors—will not harm the public's interest, nor affect the public's trust in the judicial system.

## IV. CONCLUSION

Because all the relevant factors show the potential harm to Buc-ee's outweighs the public's right to access as setforth above, the Court should grant Buc-ee's request and seal the trial exhibits containing Buc-ee's highly confidential information and redact corresponding portions of the trial transcript.

Respectfully submitted

Dated: July 30, 2018

By: */s/ Janice V. Mitrius*
H. Tracy Richardson, III
Attorney-In-Charge
Texas Bar No. 16863700
Deputy General Counsel
tracy@buc-ees.com
BUC-EE'S, LTD.
327 FM 2004

Lake Jackson, Texas 77566
Telephone: (979) 230-2968
Fax: (979) 230-2969

Joseph J. Berghammer (pro hac vice)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Janice V. Mitrius (pro hac vice)
Illinois Bar No. 6243513
jmitrius@bannerwitcoff.com
Timothy J. Rechtien (pro hac vice)
Illinois Bar No. 6293623
trechtien@bannerwitcoff.com
Eric J. Hamp (pro hac vice)
Illinois Bar No. 6306101
ehamp@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Fax: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF
BUC-EE'S, LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2018, a true and correct copy of BUC-EE'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION IN TRIAL EXHIBITS AND REDACT CORRESPONDING TRIAL TESTIMONY will be served upon counsel via electronic mail through the United States District Court's CM/ECF system.

I also hereby certify that on July 30, 2018, a true and correct copy of the SEALED EXHIBITS to BUC-EE'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION IN TRIAL EXHIBITS AND REDACT CORRESPONDING TRIAL TESTIMONY will be served via electronic mail to Defendants' counsel of record.

*/s/ Janice V. Mitrius*
FOR BUC-EE'S, LTD.